**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SILVESTER PEREZ-AMAYA aka
Marcos Servantes aka Silvestre Perez
aka Israel Perez,

Defendant - Appellant.

No. 04-4118

(D.C. No. 2:04-CR-49-PGC)

(D. Utah)

### ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Defendant Silvester Perez-Amaya pleaded guilty to the charge of illegal

reentry by a deported alien. *See* 8 U.S.C. § 1326. On February 5, 2004, before

Defendant's plea agreement, the Government filed a notice of sentencing

enhancement stating that Defendant's sentence would be enhanced under

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

§ 1326(b) because he had a prior felony drug conviction in California. The plea agreement, signed by Defendant and his counsel, acknowledged the truth of the following statement:

> 5. My previous convictions include, but may not be limited to, the following:
>
> On 9/18/92, Superior Court, Ventura District Court, Ventura County, Convicted of Distribution of a Controlled Substance, case number CR-34205; On 8/22/94, Superior Court, Ventura District Court, Ventura County, convicted of Distribution of a Controlled Substance, case number CR-30350.

R. Vol. I, Doc. 12, at 8-9. At his sentencing hearing Defendant again admitted both of the prior convictions.

The Presentence Report (PSR) concluded that Defendant's base-offense level of eight—the level for violating § 1326(a)—was subject to a 16-level enhancement because of the prior felony drug conviction. *See* U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(i) (2003). It also concluded that Defendant had 11 total criminal history points and thus belonged in category V. Two points were included in the 11-point total because Defendant was on probation at the time he committed the charged offense. *See* USSG § 4A1.1(d).

Defendant did not tender written objections to the sentencing recommendation in the PSR, but he raised an objection at the sentencing hearing to the two-point addition. The court overruled the objection and accepted the PSR's recommendation. The Court also denied Defendant's motion for downward

departure based on over-representation of his criminal history, stating: "[T]he facts of this case do not justify such a departure. It's not outside the heartland or not outside the standard kind of case that's covered by a criminal history category V that would be the most [felicitous] choice of words here." R. Vol. III at 20-21. The court sentenced Defendant at the bottom of the applicable guidelines range: 70 months' imprisonment followed by 36 months of supervised release.

On appeal Defendant's counsel filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel. In compliance with *Anders*, counsel provided Defendant with a copy of his appellate brief and Defendant filed a pro se reply brief raising *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Defendant's counsel also filed a supplemental brief after the Supreme Court handed down *United States v. Booker*, 125 S. Ct. 738 (2005).

The briefs raise three objections to the sentence. Defendant first argues that the two-point addition to his criminal history, added because he committed the charged offense while on probation, was incorrectly applied. He also argues that in light of *Booker* the use of mandatory guidelines in determining his sentence was plain error. Finally, Defendant argues that the district court erred when it denied his oral motion for downward departure.

The first argument is foreclosed by circuit precedent. Defendant asserts that the charged offense—illegal reentry into the United States—was committed

when he crossed the border. The 36-month probation underlying the enhancement was imposed by a California court on September 25, 2002, which was after the illegal reentry. Defendant argues that he was not on probation at the time he committed the charged offense of illegal reentry. But this argument fails because the offense of illegal reentry as defined by § 1326(a) is a continuing offense and not necessarily complete at the time of the entry.

> The plain language of § 1326(a) establishes that a previously deported alien who illegally enters and remains in the United States can violate the statute at three different points in time, namely, when the alien (1) enters, (2) attempts to enter, or (3) is at any time found in the United States. . . . For an alien to be found, the government must have knowledge of the illegality of his presence, through the exercise of diligence typical of law enforcement authorities.

*United States v. Rosales-Garay*, 283 F.3d 1200, 1202-1203 (10th Cir. 2002) (internal quotation marks and brackets omitted). The federal authorities found Defendant in the United States on December 10, 2003, well within his 36-month probation period.

Defendant's second argument—that sentencing under a mandatory guidelines regime is itself plain error—also fails. We recently noted that although mandatory application of the guidelines is *Booker* error, it is not plain error requiring a remand for resentencing unless the error was "a particularly egregious one that would result in a miscarriage of justice or otherwise call the judiciary into disrepute unless we remanded." *United States v. Gonzalez-Huerta*, No.

-4-

04-2045, slip. op. at 24 (10th Cir. Apr. 8, 2005). In *Gonzalez-Huerta* the defendant pleaded guilty to illegal reentry by a deported alien following an aggravated felony, the same crime at issue in this case. *Id.* at 2-3. He appealed his sentence, arguing that the mandatory application of the guidelines was reversible plain error. *Id.* at 4. We held that the mandatory application of the guidelines was neither "particularly egregious" nor a "miscarriage of justice" because the resulting sentence was within the national norms established by the guidelines and the record was devoid of any evidence indicating a lower sentence was appropriate. *Id.* at 20-22. Because Defendant, like the *Gonzalez-Huerta* defendant, admitted to all the facts underlying his sentence, his case involves non-constitutional *Booker* error. The record likewise lacks evidence that indicates a lower sentence is appropriate. Defendant's case is thus indistinguishable from *Gonzalez-Huerta* and we conclude that he has failed to show that the mandatory application of the guidelines is plain error in his case.

Finally, Defendant claims that the district court erred when it denied his motion for downward departure. Denying the motion, the court stated: "I'm aware that I have the discretion to depart downward if the facts show that downward departure is appropriate, and I don't see that this case is outside of the heartland." R. Vol. III at 17. Pre-*Booker* we had jurisdiction to review a district court's refusal to depart downward only when the district court stated that it had

no authority to depart. *United States v. Dias-Ramos*, 384 F.3d 1240, 1242-43 (10th Cir. 2004). The district court's decision to deny the motion after acknowledging its discretion to grant it would have been unreviewable. Even if *Booker* now requires us to review the failure to depart for reasonableness, the district court's decision easily meets that standard.

Defendant's sentence is AFFIRMED. Counsel's *Anders* motion to withdraw is GRANTED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge